In the Matter of the Judicial Settlement of the Accounts of
CENTRAL UNION TRUST COMPANY OF NEW YORK, Appellant,
Respondent, as Executor, etc., of JOHN HALES, Deceased.

ANNA SCHWARTZ, Appellant; JOHN P. HALES and Others,
Respondents.

Second Department, July 27, 1920.

**Wills — vested legacy defined — trusts — perpetuities — when trust
will be upheld in part.**

A vested legacy is a legacy given in such terms that there is a fixed inde-
feasible right to its payment.

Under a provision in a will that money left in trust for the two daughters of
the testator is to be a " vested interest in each of them on their respectively
attaining the age of twenty-one years or marrying which shall first happen
nevertheless to be held by the said company upon the trusts hereinafter
declared concerning the same," the trust vests in interest but not in posses-
sion upon the happening of either event stated.

A trust is void under the statute against perpetuities which is for the two
daughters of the testator for life, where the will in effect provides that on
the death of either of the beneficiaries the legacy should go to the children
of such beneficiary by exercise of her power of appointment until such
children become twenty-one or marry, and that if either beneficiary die
without issue then such share augments the share of the surviving bene-
ficiary, and that in default of appointment the fund is in trust " for all the
children of my same daughter who being sons attain the age of twenty-one
years or being daughters attain that age or marry in equal shares," and
that if both die without leaving issue the whole forms part of the residuary
estate.

However, the illegal part can be separated from the remainder without
doing violence to the testator's design, and, therefore, the trust should be
sustained for the lives of the daughters, including their disposition of
their shares by means of the power of appointment.

JAYCOX, J., dissents in part.

REARGUMENT of an appeal by the Central Union Trust
Company of New York from those parts of a decree of the
Surrogate's Court of Richmond county, entered in the office
of the clerk of said court on the 12th day of July, 1919, settling
and passing its accounts, and construing certain parts in the
will of decedent, and also from an order entered in said clerk's
office on the 31st day of July, 1919, denying the motion of

said executor to resettle the aforesaid decree. (See 192 App. Div. 926.)

Appeal by Anna Schwartz from that part of an order and decree of the Surrogate's Court of Richmond county, entered in the office of the clerk of said court on the 12th day of July, 1919, disallowing her claim for personal services against the estate.

The testator, John Hales, died on March 24, 1915, being then a resident of Richmond county. He had made a will while in London, which was admitted to probate by the Surrogate's Court of Richmond county by decree dated June 17, 1916, on which letters testamentary were issued to the said trust company. Decedent was survived by his son, John P. Hales, and two daughters, Violet, who has since married, and Rose, an infant.

The will, prepared and executed in London, named executors thereof in England, besides appointing executors in the United States; among the latter, only the trust company qualified.

The chief provisions of the will here concerned create a trust for the testator's daughters contained in the 3d and 4th paragraphs:

"3. And I declare that the said Company after payment of such funeral and Testamentary expenses and debts as aforesaid and subject to such power of postponement of sale shall stand possessed of the net produce of such calling in and conversion and ready money and of any remitted to the said Company by my English Executors and of the investments for the time being representing the same in trust to appropriate and set apart a sum of Ten thousand dollars for each of my daughters Violet Spieser Hales and Rose Catherine Hales to be a vested interest in each of them on their respectively attaining the age of twenty-one years or marrying which shall first happen nevertheless to be held by the said company Upon the trusts hereinafter declared concerning the same and subject thereto I declare that the said Company shall stand possessed of all the rest residue and remainder of my estate and effects and of the investments representing the same subject to the proviso next hereinafter contained In trust for my only son John Prospere Hales absolutely on his attaining the age of twenty one years.

" Provided always that if such residuary estate shall exceed the sum of Fifty thousand dollars then I give the excess over such sum of Fifty thousand dollars unto the said Company In trust as to two third parts thereof for the benefit of my said daughters in equal shares so and in such manner as though it had formed part of the share hereinbefore directed to be set apart for them and be subject to all the trusts and provisions hereinafter declared with reference to the same And as to the remaining one third part thereof In trust for my said son absolutely on his attaining the age of twenty-one years.

" 4. And I declare that the said Company shall stand possessed of each of the said sums of Ten thousand dollars hereinbefore directed to be appropriated or set apart for my said daughters respectively Upon trust that the said Company shall invest the same with liberty to vary such investments from time to time at their discretion until my said daughters or daughter shall attain a vested interest and then with their or her consent in writing and shall stand possessed of the same and the investments thereof Upon the trusts following that is to say In trust to pay the income thereof respectively to the daughter for whom the same shall have been appropriated as aforesaid during her life and so that if and while such daughter shall be under coverture the same shall be for her separate use without any power for such daughter to dispose thereof in the way of anticipation and from and after her decease In trust for such child children or remoter issue of my same daughter in such shares (if more than one) and in such manner as she shall by deed or will appoint And in default of such appointment and so far as any such appointment shall not extend In trust for all the children of my same daughter who being sons attain the age of twenty-one years or being daughters attain that age or marry in equal shares and if there shall be only one such child the whole to be in trust for that one child But so that no such child who or any of whose issue shall take any share under such appointment shall take any share of the unappointed part of the said legacy without bringing the share or shares appointed to him or her or to his or her issue into hotchpot and accounting for the same accordingly unless the daughter making such

appointment shall thereby direct the contrary And in case there shall be no issue of my same daughter in whom the same sum so• appropriated and set apart or the investments representing the same shall become absolutely vested under the trusts aforesaid then and in such case and subject to the said trusts the said sum or the investments for the time being representing the same shall go to augment and form part of and be subject to the trusts of the share of my other daughter if then living or having died shall leave issue living at the death of the daughter so dying. But if both of my said daughters shall die without leaving issue them surviving then the whole of such sum so appropriated and set apart as the share of my said daughters shall fall into and form part of my residuary Estate."

The learned surrogate held that upon each daughter attaining majority or marrying, the corpus of the said trust fund should vest in possession, to be paid over to her by the trustee. He also rejected the Schwartz claim.

Both the trustee and the claimant Schwartz have appealed.

*Albert Stickney* [*Francis C. Nickerson* with him on the brief], for the appellant Central Union Trust Company of New York.

*Benjamin L. Blauvelt*, for the appellant Anna Schwartz.

*Wesley M. Messersmith*, for the respondents.

PUTNAM, J.:

The decree under review laid stress on the provision that each $10,000 legacy in trust is to be a " vested interest in each of them on their respectively attaining the age of twenty-one years or marrying which shall first happen nevertheless to be held by the said company [no punctuation here] Upon the trusts hereinafter declared concerning the same." A vested legacy is " a legacy given in such terms that there is a fixed, indefeasible right to its payment." (Standard Dict.)

In *Matter of Payne* (25 Beav. 556) the testator made a provision for his daughter's children, making the time of vesting differ according to sex. To the daughters, it was prescribed as the age of twenty-one, or day of marriage — when the share or parts of shares " shall become a vested and transferable interest in each of the children of my said daughter."

This declaration, that this legacy vests, fits in with the expression, " on their respectively *attaining* the age of twenty-one years." " Attaining " had a technical meaning when so used. " And if a contingent legacy be left to any one, as *when* he attains, or *if* he attains, the age of twenty-one, and he dies before that time, it is a lapsed legacy." (2 Black. Com. *513.)

In *Edmondston's Estate* (L. R. 5 Eq. Cas. 389), PAGE WOOD, V. C. (afterwards Lord HATHERLEY), remarked that the word " vested " is to be interpreted as meaning " ' free from all contingency.' But the word at the same time is a flexible word. It has been construed to mean indefeasibly vested, as contrasted with being vested subject to some defeasance of interest." (P. 396.)

Hence this expression " vested " is here important only in the possibilities of a daughter dying, or being married, before she becomes twenty-one. The testator merely made a declaration that the interests of the daughters before the age of twenty-one, or prior to their several marriages, should not vest or be transferable. When they attain majority or marry, the trusts vest in interest but not in possession.

In my view, this will intended the following:

(a) To put a $10,000 legacy in trust for each daughter for her lifetime. After the " vesting " she was to be consulted when investments should be changed.

(b) On either's death, that it should go to the children of such deceased daughter, by exercise of her power of appointment, until such children become twenty-one, or marry.

(c) If either daughter die with no issue, then such share augments the share of surviving sister.

(d) In default of appointment the fund is in trust " for all the children of my same daughter who being sons attain the age of twenty-one years or being daughters attain that age or marry in equal shares."

(e) If both die without leaving issue, the whole forms part of the residuary estate.

This attempt to extend a trust beyond two lives, being thus in contravention of the Statute against Perpetuities, should not be sustained. (See Pers. Prop. Law, § 11.) However, the illegal part can be separated from the remainder

without doing violence to the testator's design. This ulterior limitation, though invalid, will not be allowed to invalidate the primary life estates; but such excess will be cut off from a trust which is not an entirety. (*Kalish* v. *Kalish*, 166 N. Y. 368; *Schlereth* v. *Schlereth*, 173 id. 444; *Matter of Colegrove*, 221 id. 455; *Matter of Silsby*, 229 id. 396, 403.)

It, therefore, follows that the trust should be sustained for the lives of the daughters, including their disposition of their shares by means of the power of appointment so that in that regard the decree of the Surrogate's Court should be modified.

The decree should be sustained in its disallowance of the claim of the appellant Schwartz.

As thus modified, the decree is affirmed, with the costs of this appeal of the trustee and of the children payable out of the estate.

RICH, BLACKMAR and KELLY, JJ., concur; JAYCOX, J., dissents except as to the disallowance of the claim of Anna Schwartz, as to which he concurs.

Decree of the Surrogate's Court of Richmond county modified on reargument in accordance with opinion, and as modified affirmed, with costs payable out of the estate.